# CHARLESTON.

## ZINN *v.* ZINN.

Submitted June 15, 1903—Decided December 16, 1903.

1. OIL LEASE—*Adverse Claimants.*

    If two adverse claimants thereto, make independent leases to the same company for the oil and gas under a certain tract of land in consideration of oil royalties and gas rentals reserved in each of such leases, the subsequent lessor cannot

sue the prior lessor in equity to recover from him the royalties and rentals received by him under his lease. (p. 486).

2. Conveyance of Title—*Quieting Title.*

A claimant out of possession cannot convey his title to the holder of the adverse title in possession and then sue the grantor of such adverse title in equity to cancel the title papers of such adverse title as a cloud on the title which he has conveyed to the holder of such adverse title. (p. 488).

3. Equity—*Jurisdiction.*

Allegations of irreparable damages, which show on their face that they are mere pretexts, will not sustain a bill in equity. (p. 489).

Appeal from Circuit Court, Ritchie County.

Bill by M. G. Zinn against G. P. Zinn and others. Decree for plaintiff, and defendant Zinn appeals.

*Reversed.*

Davis & Son and G. W. Farr, for appellant.

Roberts & Carter and Sherman Robinson, for appellee.

Dent, Judge: ·

Granville P. Zinn appeals from a final decree of the circuit court of Ritchie county rendered on the 28th day of February, 1901, in a chancery suit therein pending instituted by M. G. Zinn against him and others for the purpose of determining the title to one-eight royalty in a certain tract of land, of which appellant was seized and possessed in fee simple. The suit resulted in favor of the plaintiff. Appellant assigns numerous errors. The first in importance is the overruling of the demurrer to the bill for want of equity.

The bill alleges in substance that Thomas P. Zinn, being the owner of a certain twenty-four, more or less, acre tract of land on the 21st day of March, 1896, conveyed to Preston G. Zinn, the oil and gas underlying the same, by deed duly acknowledged, but not admitted to record until the 10th day of August, 1899; that on the 1st day of August, 1896, Thomas P. Zinn conveyed to the appellant the same tract of land without reservation of the oil and gas, by deed duly acknowledged and admitted to record on the 29th day of August, 1896; that on the 21st

day of November, 1898, Granville P. Zinn, appellant, leased
said land for oil and gas purposes to the Carter Oil Company,
by lease duly recorded; "that afterwards, to-wit: on the 8th day
of Nov., 1899, the said Preston G. Zinn ratified and confirmed
said lease for said premises for oil and gas purposes to the Carter
Oil Company, by an instrument in writing, duly executed and
acknowledged, and filed for record in the office of the clerk
of the county court of Ritchie county;" that the Carter Oil
Company in pursuance of its said lease (thereby meaning the
lease from appellant, then in possession of said land) began
operations for oil and gas, and in August, 1900, obtained a well
producing 150 barrels per day; that appellant at the time of his
deed had notice of Preston G. Zinn's unrecorded deed for the
oil and gas; and that he took a conveyance of the whole land
without reservation with intent to deprive Preston G. Zinn of
his rights to the oil and gas; that since oil had been obtained,
the appellant had been receiving the one-eighth thereof wrong-
fully from the Eureka Pipe Line Company, selling the same and,
appropriating it to his own uses, and has refused the same to
plaintiff, although demanded by him by virtue of a deed therefor
made to him by Preston G. Zinn on the 13th day of June, 1900;
that appellant's deed is a cloud on plaintiff's title to such royal-
ty; that other wells are about to be drilled which will produce
oil in large quantities and that plaintiff will be irreparably dam-
aged if appellant is permitted to receive such royalties and will
be put to a multiplicity of suits to maintain his rights; he there-
fore prays that defendants be required to answer, that his title
to the oil and gas royalties and rentals under the lease be de-
clared paramount to the appellant's, and that the appellant be
required to pay over to him the amount thereof already received
and permit plaintiff to receive the same in the future. The bill,
in short, is simply a demand that appellant by virtue of plain-
tiff's superior legal title, shall pay plaintiff the gas and oil
royalties already received and surrender all future claim thereto.
This is a mere pecuniary demand for the rents and royalties re-
ceived by the appellant and is not maintainable under the al-
leged heads of equitable jurisdiction.

The title to land is not in controversy. All plaintiff received
by his deed from Preston G. Zinn was an assignment of the oil
royalties and gas rentals, as Preston G. Zinn had already con-

veyed all his interest to the oil and gas in place to the Carter Oil Company, who having found oil and gas were in possession thereof under and by virute of the prior lease made by Granville P. Zinn, the adverse claimant to them. Hence, the title to the oil and gas was completely vested in the Carter Oil Company by the adverse leases. All that plaintiff has any claim to whatever is the oil royalties and gas rentals reserved in the lease of Preston G. Zinn and all he claims by his bill is these oil royalties. This is mere pecuniary demand for the royalties already received by plaintiff, and is not maintainable under the alleged heads of equitable jurisdiction. As a suit to remove or cancel Granville P. Zinn's deed as a cloud on the ground that Granville P. Zinn received his deed with notice of Preston G. Zinn's unrecorded deed, it cannot be maintained, for the reason that plaintiff has not now nor ever had any title to land, and is not now nor ever was in possession of such land. *Christian* v. *Vance,* 41 W. Va. 754 (24 S. E. 596); *Moore* v. *McNull,* 41 W. Va. 695 (24 S. E. 682.)

A bill in equity does not lie to remove a cloud on or settle the title to personal property, unless it is of peculiar value or under peculiar circumstances. *Zanhizer* v. *Heffner,* 47 W. Va. 418; *White* v. *Stender,* 24 W. Va. 615; *Baker* v. *Rinehart,* 11 W. Va. 238. Appellant might have been held as trustee of the legal title for the benefit of the plaintiff had the plaintiff's suit been instituted before both legal and equitable title to the oil merged in the Carter Oil Co. Now the only claim that plaintiff sets up against appellant is, not the wrongful withholding of the legal title, but the wrongful withholding of the oil royalties, for which damages at law furnish a full compensation. One suit at law will settle the right to the rents and royalties as between appellant and plaintiff, and the question of multiplicity of suits is not involved, and if it were the right should be first determined at law. Hogg's Equity Principles, section 350. There is no question of irreparable damage or waste involved, as Preston G. Zinn by his lease to the Carter Oil Company, Granville P. Zinn's lessee, then in possession, sanctioned its right to remove the oil and gas and agreed to receive a rental therefor. The case of *Bettman* v. *Harness,* 42 W. Va. 433, is not applicable. In that case the right to remove the oil and gas was involved, as producing irreparable damage to real estate. *Eakins* v. *Hawkins,* 48

W. Va. 364, was a suit between those claiming co-tenancy in the oil and gas production, and the question here involved was not raised. In the case of *Moore* v. *Jennings,* 47 W. Va. 181, (34 S. E. R. 793), *Eclipse Oil Co.* v. *South Penn Oil Co.,* 47 W. Va. 84, (34 S. E. R. 923), and *Trees* v. *Eclipse Oil Co.,* 47 W. Va. 107, (34 S. E. R. 933), the question of the wrongful extraction of the oil was involved and the last case was founded on the doctrine of co-tenancy. In the present case, the plaintiff does not dispute the right of the Carter Oil Co. to produce the oil and gas, and he is not trying to stop such production, but he is only claiming that after it is produced, he is entitled to the royalty reserved by Granville P. Zinn, the appallant on his lease. There is no attempt to stay waste or prevent irreparable damage to real estate. Nor does the bill show that an equitable accounting is necessary. The lease under which the plaintiff claims the right of royalty, being from Preston G. Zinn to the Carter Oil Co., provides that the royalty oil shall be delivered in the pipe line to the credit of the lessor. The bill alleges that the Carter Oil Co. has delivered such royalty into the possession of the Eureka Pipe Line Co. in accordance with the above provision, and the Eureka Pipe Line Co. has accounted for it to the appellant by virtue of the appellant's lease to the Carter Oil Co. The plaintiff's assignor agreed that the royalty might go into the possession of the pipe line, and to receive it from that company according to account thereof. He nowhere claims that such account has not been properly kept and rendered. He does not claim that he ever demanded his royalty either from the Eureka Pipe Line Co. or the Carter Oil Co. Therefore, he has set up no grounds whatever for an accounting between himself and the Carter Oil Co. or the Eureka Pipe Line Co. *Swearingen* v. *Steers,* 49 W. Va. 312. All the plaintiff seeks is that the appellant shall pay to him the royalties received by appellant from the Eureka Pipe Line Co., the amount of which is easily ascertainable from the latter company. All the equitable grounds alleged are mere pretexts for the purpose of foisting on equity, a jurisdiction it does not possess.

If plaintiff wants the oil in kind, and it can be identified, detinue will furnish him an ample remedy. *Hall* v. *Reed,* 15 B Monroe, 479. He argued that the oil should go into the pipe line, and therefore he cannot complain if it is not separated

in kind so that detinue will lie. If he establish his right the pipe line holds it for him according to his agreement. If he wants to sue for a wrongful conversion, trover is his proper remedy. If he wants only the value thereof in money, *assumpsit* will give him relief. The Carter Oil Co. knowing of the existence of these two titles to the oil in place, had the right to reject the one and purchase the other, or had the right to avoid litigation and delay to purchase both, and from the exhibits filed, this is what it did do. 6 Am. & En. En. Law, (2 Ed). 711. By so doing, unless some arrangement exists not disclosed by the record, it agreed to pay two separate royalties, one to each of the adverse claimants. The bill alleges that Preston G. Zinn "ratified and confirmed said lease for said premises for oil and gas purposes to the Carter Oil Company by an instrument in writing duly executed and acknowledged, and filed for record in the office of the clerk of the county court of Ritchie county a duly certified copy of which is herewith filed, marked 'exhibit D', and made a part of this bill of complaint."

An examination of the exhibit filed shows it to be a straight lease from Preston G. Zinn to the Carter Oil Company, reserving royalty and makes no reference whatever to the Granville P. Zinn lease. The allegation of the bill therefore must mean that the legal effect of the last lease obtained by it was to ratify and confirm in the Carter Oil Co. the title already held by it under the first lease. The reservation of the royalties in the two leases are separate and distinct, and there is nothing on the face of the leases to show that they were one and the same, nor does the bill contain such allegation. Hence the bill and exhibits show a double reservation of royalties, being a separate reservation to each of the lessors. Such being the case, one lessor cannot sue the other for the separate royalty received by him, for he is entitled to receive it by his separate lease and there is no privity of contract between them. The Carter Oil Company having purchased both titles the plaintiff having passed everything but the royalty, has no right to sue appellant in equity for his royalty on the grounds that appellant's title conveyed to the Carter Oil Company is bad. If the Carter Oil Company, which owns the title is satisfied no one else has the right to complain. Nor does it have the right to buy up ad-

verse titles at will without ouster and recourse therefor on appellant. *Jones* v. *Richmond,* 88 Va. 231; *Mavbury* v. *Thornton,* 82 Va. 702.

All remedies touching the oil in place as real estate as between the original claimants are extinguished by the merger of the adverse titles thereto in the Carter Oil Company.

The remedies for the oil royalties and rents of both plaintiff and appellant are governed and controled by their respective leases and for breaches thereof they should look to the Carter Oil Company, and not to each other unless the appellant has been guilty of an unlawful conversion of the plaintiff's royalties. The remedy in such case would be at law, and not in equity. Whether the Carter Oil Company can plead failure of consideration, &c., as to either lease under section 5, chapter 126, Code, it is improper to consider at this time, as neither the facts nor the proper parties are properly impleaded before the court. In the case of *Freer* v. *Davis,* 52 W. Va. 1, the Court held that a temporary injunction might issue to preserve real estate intact until the title thereto could be settled at law. But it did not hold that an injunction was necessary to prevent the delivery of oil lawfully extracted to a solvent claimant thereof until the rightful ownership thereof could be investigated. Injunction in such case is wholly unnecessary and might be productive of much greater harm than good. If the receiver of the oil is solvent a suit at law will furnish ample remedy and protection. If insolvent, notice to the Pipe Line Company or an action of detinue would prevent its delivery, if it can be had in kind. Plaintiff does not ask this. In the present case the bill does not question the solvency of the appellant. If the plaintiff has a good claim for these royalties either against the appellant, the Eureka Pipe Line Company or the Carter Oil Company, his legal remedies are adequate and complete. The bill is based on mere equitable pretexts, void of foundation in fact. *Hale* v. *White,* 47 W. Va. 700; *Greathouse* v. *Greathouse,* 46 W. Va. 21.

The decree complained of is reversed, and the demurrer for want of equity is sustained, and the bill is dismissed without prejudice to the plaintiff's right to maintain any proper suit he may be advised to bring.

*Reversed.*

POFFENBARGER, JUDGE, (*dissenting*):

The bill does not contest the right of the Carter Oil Co. to develop the land and take the oil and gas therefrom. The assignor of the plaintiff, by his lease, authorized this. The defendant, Granville P. Zinn, the appellant here, also executed a lease granting the same right. No question of the right to the possession of the land is presented. The bill does not seek to enjoin trespass to real estate.

The plaintiff shows that the royalties had been paid and are paid to Granville P. Zinn and that he ought not to receive them because they belong to the plaintiff. It is useless to inquire or determine whether there is any liability for additional royalty on the part of the oil company for none is claimed in the bill. It shows that the oil company is taking all the oil except the one-eighth, and its right to do so is not questioned.

So the controversy is between M. G. Zinn and Granville P. Zinn, and the subject of that controversy is the royalty oil. These two parties are adverse claimants of that one-eighth. M. G. Zinn claims it under the deed executed by Thomas P. Zinn to Preston G. Zinn, bearing date March 21, 1896, conveying to Preston G. Zinn only the oil and gas under the land. Granville P. Zinn claims it under the deed executed by Thomas P. Zinn to him August 1, 1896, conveying the tract of land with covenant of general warranty to Granville P. Zinn, and without any exception or reservation of the oil and gas under it. Preston G. Zinn failed to record his deed. Granville P. Zinn claims to have had no notice of the deed made to Preston G. Zinn. M. G. Zinn, by an assignment and transfer from Preston G. Zinn, dated June 15, 1900, has acquired whatever right Preston G. Zinn had to royalty, and he insists that his title to the royalty is superior to that of Granville P. Zinn because the latter had notice of the deed executed by Thomas P. Zinn to Preston G. Zinn.

If M. G. Zinn has an adequate remedy at law, then there is no jurisdiction in equity. His bill shows that he has demanded this royalty from Granville P. Zinn and that the latter has ignored his demand, denied that he had any title to it, taken the oil and and converted it to his own use. If the plaintiff can

show that the royalty belongs to him and not to Granville P. Zinn, he can undoubtedly recover in an action at law. Its value is certainly ascertainable and would be the measure of damages. "Trover, at common law, was an action on the case, whereby the owner of personal property recovered damages against a person who committed the wrong of conversion with respect to that property." 26 Am. & Eng. Enc. Law, 712. "The fact that the plaintiff might have brought his action *ex contractu*, does not prevent him from suing in trover for a conversion." *Idem.* 724. "Where the defendant has sold or otherwise disposed of the property, the plaintiff may waive the conversion and sue in *assumpsit*." *Idem.* 792. *Assumpsit* lies to recover money received by the defendant tortiously, or under duress of the person or goods; to recover the fees of an office usurped by another; to recover the value of goods which the defendant by fraud induced the plaintiff to sell to an insolvent person, and afterwards obtained them for his own benefit; and to recover back rents tortiously received. Hogg's Pl. & Forms, 39. In such cases, the plaintiff waives the tort and sues for the value of his property.

But it occurs to me that the remedies by action at law for damages are inadequate. In order to assert it, the plaintiff must give up his property. He has a right to the specific property instead of a share in the property to be set apart to him in kind, and ought to have a remedy by which he can obtain the property instead of its mere value as damages. In the case of rent or an annuity, the thing to which the claimant has the right is money and one kind of money is as good as another if it be of the same value. Hence, as long as he has a remedy to obtain the money, that being the only thing in question, his remedy is adequate. But here, the bill demands a share of the oil, not only that which has already been produced and remains unsold, but also of that to be produced hereafter. The law clearly affords him no remedy whatever for that. · He cannot sue in detinue so as to test the rights of property for two reasons. First, because he is not entitled to the whole of the oil in question and cannot sue for the whole of it. Assuming that he has title to the one-eighth, the Carter Oil Co has title to the other seven-eighths. Treating them merely as co-tenants,

each would be entitled to the possession and one could not maintain a possessory action against the other. Second, the plaintiff being entitled to only a share in the oil, he can no more identify any particular oil which belongs to him than he could identify his one hundred bushels of wheat after it had been poured into an elevator and mixed up with one thousand bushels of some other person's wheat. Under such circumstances, an action of detinue would not lie and their right to possession of the property could not be asserted. The only right he has is to demand a share of the oil. In other words, he is entitled to partition of personal property as to oil produced, and of an incorporeal hereditament or right as to the oil remaining in the land and undeveloped. Both of these are subjects of partition, and partition of them can be had only in a court of equity. 21 Am. & Eng. Enc. Law 2 Ed. 1160; *Smith* v. *Smith*: "Supposing it to be a legal, and not an equitable interest, no partition between tenants in common of personal estate could be made at law. A partition in kind could not be made there, each party having equal right to the possession of the whole. Whether the title was legal or equitable, therefore, in this case, a court of equity was the proper tribunal for a partition of it." Treating of concurrent equity jurisdiction where the remedy at law is inadequate, Pomeroy says, at section 185, "In the same class must be placed suits, which are maintainable, under some special circumstances, for the partition of chattels, and analogous to those for the partition of land." Here, it may be objected that equity has not jurisdiction because the plaintiff who seeks to be admitted to a share in the oil, claims adversely to one of the defendants and the only controversy is that between them over the share in the oil. Ordinarily, courts of equity, in partition suits, will not determine adverse titles, but where the subject of partition is personal property, this rule does not apply. The obvious reason is that, as has been shown, there is no legal action or remedy by which the right of property can be determined. Under this head, Freeman on Coten. & Par., at section 426, says: "This class embraced all those cases in which the plaintiff's title to the property was denied by the defendant. When real estate was the subject of partition in chancery, and the plaintiff's title was put in issue, he was required to establish it at law. But there was no method by which a co-tenant

of personality could litigate his title with another co-tenant. Therefore, when, in a partition in chancery, the defendant denied the title of demandant to personal property, and claimed such property in severalty, the demandant was not sent to law to establish his title. He was not required to attempt an impossibility."

Equity having jurisdiction for partition may decide all questions, even those of legal title, the determination of which is necessary as incident to the granting of the relief to which the plaintiff shows himself entitled.