117 So.2d 45 (1960)
Gerhard T. BECK, Appellant,
v.
BARNETT NATIONAL BANK OF JACKSONVILLE, a National Banking Association under the Laws of the United States of America, Appellee.
No. B-179.
District Court of Appeal of Florida. First District.
January 7, 1960.
*47 Patton & Kanner, William H. Morrow, Jr., and Patrick McGrotty, Miami, for appellant.
Botts, Mahoney, Whitehead, Ramsaur & Hadlow, Jacksonville, for appellee.
WIGGINTON, Chief Judge.
Plaintiff has appealed from an order of the trial court dismissing his complaint with leave to amend, and transferring the cause to the equity side of the court for further proceedings. Both provisions of the mentioned order have been assigned as error.
The complaint alleges, in substance, that during a stated period of time when plaintiff was mentally incompetent defendant served as the duly appointed and qualified guardian of plaintiff's estate. While acting as guardian and before its discharge, defendant breached its duty to plaintiff by wilfully and negligently failing and refusing in certain specified particulars to discharge duties it was lawfully obligated to perform in its capacity as guardian. Because of defendant's wilful, wrongful and negligent acts of commission and omission plaintiff suffered damages for which judgment is prayed. Trial by jury is demanded.
To the complaint defendant filed a motion to dismiss on the ground that it was vague and indefinite, failed to state a cause of action and alleged matters properly cognizable in equity. Coupled with the motion to dismiss is a motion to strike each separate paragraph of the complaint which purports to allege the several wilful and negligent acts of commission and omission by defendant while acting in its capacity as guardian. The principal grounds of the motion are that the paragraphs assaulted are vague and indefinite, and purport to allege the breach of duties which do not in fact constitute duties, obligations or responsibilities of a guardian.
The trial court rendered a memorandum decision which is incorporated in the order entered on defendant's motion. The decision recites that inasmuch as all of plaintiff's charges grow out of the fiduciary relationship between guardian and ward, the matters alleged as grounds for relief are cognizable in equity. Accordingly it was ordered that the cause be transferred to the equity side of the court. The decision further recites that the complaint mingles valid charges of negligence with other charges which either show no breach of a guardian's duty or fail to set up adequate facts so that the court may determine their sufficiency. Several of the charges made by the complaint are mentioned in the decision as illustrative of the charges referred to in the foregoing recital. It was held that because of proper and improper or insufficient allegations being so intertwined, the complaint should be redrawn so that it will *48 contain only valid issuable allegations. It was thereupon ordered that the complaint be dismissed with leave to amend. Defendant's motion to strike was not passed upon by the court.
At the outset appellee challenges this court's jurisdiction to review the order complained of. It contends that the order in question is not one which is properly reviewable by interlocutory appeal under Rule 4.2, F.A.R., 31 F.S.A., since it is an order entered in a common-law action not related to any question of venue or jurisdiction over the person. In support of its position appellee invites our attention to the Hensley case.[1] It is to be noted that the Hensley decision was based upon appellate rules and statutes then in force which are materially different from the rules and statutes now governing appeals. We, therefore, do not consider that the rule in Hensley is applicable to the question before us.
By its order appealed from the trial court transferred the cause from the law side to the equity side of the court. This order effectively terminated the litigation insofar as it constituted an action at law. If the order is affirmed, no further orders or judgments will be entered in the cause on the law side of the court. The order is in truth and in fact a final adjudication of appellant's right to a determination of his cause of action at law. As such, the order constitutes a final judgment from which direct appeal may be taken. We have so treated this appeal, despite the fact that it is entitled by appellant as an interlocutory appeal.
The justification for the rule which prohibits interlocutory appeals from orders entered in actions at law, except those which relate to venue or jurisdiction over the person, stems from the fact that suits at law are actions in personam in which the defendant can suffer no injury until the entry of the final judgment. In order to not disturb the efficient progress of such a cause the parties are prohibited from seeking review of interlocutory orders unrelated to venue or jurisdiction until the case is finally concluded by the entry of final judgment. Where the effect of an order is to terminate all further judicial labor in the cause, such order is a final judgment or decree from which a review by direct appeal is permitted. We therefore find it necessary to reject appellee's contention in this regard.
Even if by a strained construction the order in question should be considered interlocutory in character, this court is empowered under the provisions of the Constitution[2] to treat the notice of appeal as a petition for common-law certiorari, and in its discretion to review the order at this stage of the proceedings.[3] The power to review is therefore afforded in ample measure both by the Constitution and by our rules of procedure, and the right to such review of an order of this kind should not be denied on technical grounds.
The first point urged by appellant is the propriety of the trial court's action in transferring the cause to the equity side of the court. A careful examination of the complaint leaves no doubt but that it is an action in tort brought by a presumably competent male adult seeking only a money judgment against a banking association for damages suffered by plaintiff as a result of breach of duty owed him by defendant. The breach of duty consists of certain specified acts of commission and omission committed in an allegedly wilful and negligent manner. Such cause of action has traditionally been recognized as one at law.[4]
*49 It is evident that the trial court's decision to transfer the cause from law to equity was predicated on the conclusion that inasmuch as the cause of action alleged in the complaint grew out of a fiduciary relationship between guardian and ward, the issues to be tried are cognizable only in equity.
At the outset it must be noted that we are not here considering a suit brought by a ward against his guardian, but one by a former incompetent ward against a former guardian for damages resulting from a breach of duty committed during guardianship and prior to discharge. We are not, therefore, concerned with the restrictions placed by law on the right of a ward to sue his guardian during the period of guardianship.
No decision rendered by an appellate court in this state has been cited by either party, and our research reveals none, in which it has been held that an action such as the one involved here is exclusively of equitable cognizance. That actions between guardian and ward involving the relationship of guardian and ward and the rights or liabilities growing out of it are as a general rule peculiarly within the jurisdiction of a court of equity, we do not deny. Accordingly an action by a guardian or ward is properly brought in equity when the particular action and relief sought are by statute made matters of equitable cognizance or are equitable in nature, including cases in which there is no adequate remedy at law, and in which complete relief can be had only in a court of equity.[5] Falling within the foregoing category are suits brought by a ward against his guardian to require a proper accounting;[6] or to recover a judgment for guardianship funds invested by the guardian contrary to law resulting in a loss to the ward's estate[7]; or to impose a trust on property of a ward wrongfully converted or alienated by the guardian. But in any case, there must be grounds for equitable interference before a suit by or against a guardian or ward may be brought in equity.[8]
After the guardianship has terminated and the guardian discharged, the ward is free to sue the former guardian in any appropriate action, and whether the suit is properly maintainable in law or in equity depends primarily upon the remedy sought rather than on the relationship out of which the cause of action arose. The former fiduciary relationship existing between the guardian and ward is important only as casting upon the former guardian the obligations imposed upon him by law in the discharge of his duties, thereby affecting the burden of proof, the weight of the evidence, and law applicable to the issues to be resolved.[9]
In support of the trial court's ruling appellee relies upon the early case of Linton v. Walker, decided by our Supreme Court in 1858.[10] We do not perceive that the Linton case is authority for appellee's position. That case merely holds that in a suit at law brought by a former ward against a former guardian for the value of services rendered by the ward's slaves to the guardian, the latter was entitled to certain offsetting credits which had accrued over a period of five years and for the determination of which an accounting would be required. The judgment rendered in assumpsit on the law side of the court was reversed and the cause remanded for further proceedings in equity for an accounting. The principle *50 applied is as old as the chancery court itself, and established no precedent for the principle urged by appellee.
The fact that a cause of action arose out of a fiduciary relationship formerly existing between the parties does not necessarily mean that in all cases the action is one cognizable only in equity. The propriety of maintaining suits at law on causes of action arising out of former fiduciary relationships has been recognized in suits by a ward against his guardian for money wrongfully withheld[11]; by a ward against the guardian for damages resulting from fraud and deceit during guardianship[12]; by a ward against the guardian for damages resulting from the negligent discharge of its duties by the guardian during guardianship[13]; by a client against his attorney[14]; by an attorney against his client[15]; by a patient against his physician[16] and by a principal against his surety.[17]
A litigant's right to trial by jury is a valuable one which should not be denied except for necessary and compelling reasons. Experience has not yet demonstrated that a chancellor, who customarily acts through a special master by whose findings of fact if supported by substantial evidence he is unequivocally bound, is any better equipped than a duly constituted and qualified jury to resolve factual issues arising in an action sounding purely in tort. We, therefore, hold that a former ward may institute an action at law against his former guardian for damages arising out of a breach of duty by the guardian resulting from wilful or negligent acts committed by the guardian during the period of guardianship. The trial court therefore erred in transferring this cause from the law to the equity side of the court.
The second point urged on appeal is the propriety of the order dismissing the complaint. By his memorandum decision the trial court held that since the complaint mingles and intertwines valid charges of negligence with improper or insufficient charges, the complaint should be redrawn so that it will contain only valid issuable allegations. It was for this reason that the complaint was ordered dismissed.
Since the complaint admittedly contains sufficient allegations of ultimate fact to state a cause of action on some of the charges concerning a breach of duty, the complaint was not vulnerable to attack by the motion to dismiss. If, as observed by the trial court in its memorandum decision, the complaint contains some charges of negligence which either show no breach of a guardian's duty, or fails to set up adequate facts so that the court may determine their sufficiency, defendant's remedy was by way of a motion for more definite statement under Rule 1.11(e), or motion to strike under Rule 1.11(f), F.R.C.P., 30 F.S.A. No motion for a more definite statement was made, and the motion to strike filed by defendant was not passed upon by the court. The duty of initially passing upon the sufficiency of any count of a complaint to state a cause of action lies exclusively with the trial court. It is not until after a definitive ruling has been made by the trial judge striking or refusing to strike any portion of the complaint that this court is authorized to act. Until an order has been entered striking or refusing to *51 strike some part of the complaint, there is no basis upon which it can be asserted on appeal that the trial court has committed error. The observations made as documented by the illustrations given in explanation thereof as set forth in the court's memorandum decision do not constitute a ruling on the law of the case, and form no proper basis on which error may be predicated.
For the foregoing reasons the order appealed from is reversed and the cause remanded for further proceedings consistent with the views expressed herein.
Reversed.
CARROLL, DONALD K., J., and FUSSELL, CARROLL W., Associate Judge, concur.
NOTES
[1] Hensley v. Palmer, Fla. 1952, 59 So.2d 851.
[2] Article V, Sec. 5(3), Florida Constitution, F.S.A.
[3] Boucher v. Pure Oil Co., Fla.App. 1957, 101 So.2d 408.
[4] First National Bank of Key West v. Filer, 107 Fla. 526, 145 So. 204, 87 A.L.R. 267; Woodbury v. Tampa Waterworks Co., 57 Fla. 243, 49 So. 556, 21 L.R.A., N.S., 1034.
[5] 39 C.J.S. Guardian and Ward § 173(a), p. 311.
[6] Carroll v. Carroll, 127 Fla. 226, 172 So. 916.
[7] American Surety Co. of New York v. Andrews, 152 Fla. 638, 12 So.2d 599.
[8] 39 C.J.S. Guardian and Ward § 173(a), p. 312.
[9] 25 Am.Jur., Guardian and Ward, p. 98, Sec. 158.
[10] Linton v. Walker, 1858, 8 Fla. 144.
[11] Baker v. Bundy, 55 Ind. App. 272, 103 N.E. 668.
[12] Marshall v. Gustin, 89 Or. 53, 170 P. 312, 173 P. 461; Koch v. LeFrois, 61 Hun. 205, 15 N.Y.S. 928.
[13] State ex rel. Garesche v. Slevin, 1887, 93 Mo. 253, 6 S.W. 68.
[14] Weekley v. Knight, 116 Fla. 721, 156 So. 625.
[15] Brass v. Reed, Fla. 1953, 64 So.2d 646.
[16] Atkins v. Humes, Fla.App. 1958, 107 So.2d 253.
[17] Cook v. Central and Southern Flood Control District, Fla.App., 114 So.2d 691.