277 So.2d 773 (1973)
Gilbert William SCHEEL, Petitioner,
v.
ADVANCE MARKETING CONSULTANTS, INC., Respondent.
No. 42347.
Supreme Court of Florida.
May 9, 1973.
Carl V. Wisner, Jr., Fort Lauderdale, for petitioner.
Harry G. Carratt, of Morgan, Carratt & O'Connor, Fort Lauderdale, for respondent.
DEKLE, Justice.
Conflict is the basis for our jurisdiction.[1] Oral argument was waived. The Fourth District Court's order dismissing the appeal in this cause collides with an earlier First District opinion by then Chief Judge Wigginton in Beck v. Barnett National Bank of Jacksonville, 117 So.2d 45 (Fla.App.1st 1960), which correctly held a *774 transfer of a cause at law to the equity side of the court to be an effective termination of the litigation insofar as it concerned the action at law which was thereby concluded. Accordingly, an appeal of the lower court's order was held proper. Beck pointed out that there would be no further orders or judgments on the law side of the court regarding the matter and that the order of transfer therefore constituted a final judgment from which direct appeal lies.
Essentially, petitioner's suit here is for fraud alleging damages of $80,000.00 and demanding jury trial. It was determined by the Circuit Judge to be a suit for damages not exceeding $3,576.96. Accordingly, this being below the jurisdictional minimum of the Circuit Court, the cause was transferred to the Court of Record.
The finality of a trial court's action as to the right which is appealed, was recently made clear regarding the right of appeal from a probate court order in Sutton v. Stear, 264 So.2d 838 (Fla. 1972). Levine v. Knowles, 197 So.2d 329 (Fla.App.3d 1967) cited by respondent, reached the right result in considering the merits of a trial court's striking punitive damages which so affected jurisdictional amount as to divest the trial court of authority to act further.
Beck and Levine, however, were prior to new Article V, Fla. Const. effective January 1, 1973, which has intervened during pendency of this appeal. Article V merged the Court of Record into the Circuit Court so that the two courts involved below have become one and the same. Thus what was a "transfer" becomes in effect, by virtue of Article V, what amounts to an "order striking items of damages" within the same trial court. Error is preserved for review on any eventual appeal from what is now a single court. The reasons in the foregoing former cases are therefore no longer controlling, in which cases the right of recovery in the higher amount had by virtue of the order of transfer been terminated and become ripe for appeal.
Except for the intervening merger of the two courts under Article V, we were prepared to remand the cause to the Fourth District to be considered on the merits of the appeal which was taken there. However, in light of the intervening change, any appeal with regard to the damage issue must abide the eventual outcome of this common law action when and if any appeal from the ultimate result is taken, thereupon to be considered upon the legal and factual merits as they may appear from such a review, since of course interlocutory appeals in common law actions do not lie, with certain exceptions in F.A.R. § 4.2, 32 F.S.A.
We do note in passing, however, that respondent's contention that the notice of appeal in the instant case could not be separately considered as to this respondent since it included an appeal also from a judgment for another defendant, is not well taken. The one notice of appeal is sufficient as to both orders appealed from.[2]
In these circumstances the petition for certiorari must be and is
Discharged.
CARLTON, C.J., and ROBERTS, ERVIN, ADKINS, BOYD and McCAIN, JJ., concur.
NOTES
[1] Fla. Const. art. V, § 3(b) (3), F.S.A. (1973).
[2] Brown v. Winn-Dixie Stores, Inc., 267 So.2d 78 (Fla. 1972); Hollimon v. State, 232 So.2d 394 (Fla. 1970); and Webster v. State, 235 So.2d 499 (Fla. 1970).