COUNTY OF ESCAMBIA, *Appellant*, v. THE BLOUNT CON-
STRUCTION COMPANY, *Appellee*.

## Opinion Filed July 2, 1913.

1. While courts of law have jurisdiction to enforce contract
   demands that involve an accounting, yet courts of equity also
   take cognizance of cases in which contract demands between
   litigants involve extensive mutual or complicated accounts
   where it is not clear from the facts alleged in the particular
   case that the remedy at law is as full, adequate and expedi-
   tious as it is in equity.

2. The terms of a statute should not by construction be extended
   beyond the fair import of the language used considered in
   view of the object sought to be attained.

3. The provision of Chapter 5969, Acts of 1909, that "no contract
   shall be let by the board of county commissioners for........
   the erecting or building of any house, ............. unless
   notice thereof shall be advertised" &c., is restrictive and does
   not fairly extend to contracts for alterations and additions
   made in the plans and specifications of a contract duly made
   in good faith for the erection or building of any house, when
   the general plan of the building is not changed pending con-
   struction and there is no attempt to evade the statute in
   making the original contract and in the subsequent altera-
   tions and additions to the building.

9—Vol. 66

Appealed from Circuit Court of Escambia County; J. Emmet Wolfe, Judge.

Orders affirmed.

*John C. Avery,* and *J. P. Stokes,* for Appellant;

*Blount & Blount & Carter,* and *W. A. Blount, Jr.,* for Appellee.

WHITFIELD, J.—This appeal is from orders overruling demurrers to a bill in equity brought by The Blount Construction Company against the county. The bill in substance alleges that pursuant to a contract duly made with the county commissioners of the county, the construction company erected and constructed a jail building for the county, for which an agreed consideration was to be paid; that in the course of such erection and construction of the building a stated large number of changes and alterations were agreed on made in the contract plans and specifications for which proper amounts were to be paid in addition to the original contract amount; that the building has been completed and accepted by the county, but a large number of items for alterations and changes agreed on are now disputed by the county, and counter claims are asserted by the county and a settlement in full has not been made; that many separate and distinct claims for compensation for changes in the contract plans and counter claims by the county that are given in detail are contested by the county. The prayer is for an accounting and settlement. A general demurrer and also a special demurrer to the bill of complaint were overruled. Under the genral demurrer the contention is that the bill does not show a right to an accounting in equity.

While courts of law have jurisdiction to enforce contract demands that involve an accounting, yet courts of equity also take cognizance of cases in which contract demands between litigants involve extensive mutual or complicated accounts where it is not clear from the facts alleged in the particular case that the remedy at law is as full, adequate and expeditious as it is in equity.

As it cannot be said with confidence that the allegations of the bill of complaint in this case, considered with the exhibits made a part thereof, show demands and contentions that may be as expeditiously and accurately adjudicated in a court of law as in a court of equity, it should not be held contrary to the ruling of the chancellor that a court of law should have exclusive jurisdiction of the cause. The general demurrer was, therefore, properly overruled.

Under the special demurrer it is urged that the charges made for additions to the foundation of the building and other alterations made in the plans and specifications of the building while in course of construction, should not be paid by the county, because bids for such additions and alterations in the contract plans and specifications were not advertised for as required by Chapter 5969 Acts of 1909, which provides as follows: "No contract shall be let by the Board of County Commissioners for the working of any road or street, the construction or building of any bridge, the erecting or building of any house, nor shall any goods, supplies or materials for county purposes or use be purchased when the amount to be paid therefor by the county shall exceed three hundred dollars, unless notice thereof shall be advertised once a week for at least two weeks in some newspaper of general circulation in the county calling for bids upon the work to be done or for the goods, supplies or materials to be purchased by

the county, and in each case the bid of the lowest responsible bidder shall be accepted, unless the County Commissioners shall reject all bids because the same are too high."

It is forcefully contended that under this act bids for making the additions and alterations should have been advertised for upon the theory that the policy of the statute if not its terms require it in the interest of the taxpayers. But the terms of the statute cannot by construction be extended beyond the fair import of the language used considered in view of the object sought to be attained. The words used in requiring advertisements for bids for "erecting or building of any house" are restrictive and do not fairly extend to contracts for alterations and additions made in the plans and specifications of a contract duly made in good faith for the erection or building of any house, when the general plan of the building is not changed pending construction and there is no attempt to evade the statute in making the original contract and in the subsequent alterations and additions to the building.

Even if it may be regarded as being to the best interest of the taxpayers that the statute should be extended to alterations and additions to the contract plans and specifications of a county building in good faith designed to remedy unforseen defects or omissions caused by human imperfections and to make more suitable and useful a building pending its erection and construction where no substantial change is made in the general plan or character of the building, in view of the delays, inconvenience and probable added expense incident to the advertisements for separate alterations and additions that may be numerous, the language of the act does not justify such an extension of its terms and manifest import. See

Marion County v. Foxworth, 83 Miss. 677, 36 South. Rep. 36; Board of Com'rs of Fulton County v. Gibson, 158 Ind. 471, 63 N. E. Rep. 982; Clark & Sons Co. v. Pittsburg, 217 Pa. St. 46, 66 Atl. Rep. 154.

It does not appear that any attempt was made to evade or circumvent the legal force and effect of the statute requiring advertisements to be made for bids for the erection of the public building and no bad faith is suggested. In the accounting the just demands between the parties may be adjudicated. The question of issuing interest-bearing warrants by the county is not presented by the pleadings.

The orders overruling the demurrers to the bill of complaint are affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.