**EZELLA SCOTT, as Administratrix of the Estate of John Scott, deceased, and CONTINENTAL CASUALTY COMPANY, corporation, v. MILLARD F. CALDWELL, as Governor of the State of Florida, for the use and benefit of the County of Bay in said State.**

37 So. (2nd) 85
October 1, 1948
Rehearing denied October 25, 1948

June Term, 1948
Special Division A

*J. M. & H. P. Sapp,* for appellant.
*James N. Daniel* and *L. D. McRae,* for appellee.

CHAPMAN, J.:

Millard F. Caldwell, as Governor of Florida, for the use and benefit of Bay County, Florida, filed a bill of complaint in equity against Ezella Scott, the legal representative of John Scott, deceased, who, prior to his death, held the office of Sheriff of Bay County, and Continental Casualty Company, a bondsman of the deceased. The bill of complaint alleged that the deceased, as Sheriff of Bay County, was short in his accounts and had failed to pay over to Bay County certain sums of money received by him as Sheriff as required by law.

The State Auditing Department, it was alleged, audited the office of Sheriff of Bay County during the year 1945, covering a period of time beginning August 1, 1943, and ending January 1, 1945, and certain official transactions from January 1, 1945 to April 25, 1945. A certified copy of the Audit Report No. 2738 as made by W. R. England, Assistant State Auditor, and filed with the State Auditor, was attached to the bill of complaint. The report contains itemized statements of the accounts of the late John Scott, as Sheriff of Bay County, and shows the sum of $23,183.02 due by John Scott at the time of his death to the County of Bay.

It was further alleged that the accounts of the said John Scott, reflecting his indebtedness to Bay County, are composed of numerous items and involve extensive and compli-

cated accounts, and a great number of transactions, among them being approximately six hundred bond estreatures and for money collected by him on approximately one hundred fines in criminal cases. The deceased failed to keep any record of income and income receipts were established by records outside of his office and other outside sources; all cash bonds were not entered on the bond register of the Sheriff's office; for many of the cash bonds no duplicate receipts could be located; that it was the lawful duty of Scott, as Sheriff, to render an accounting of the administration of his office, and likewise his legal representative failed to render an accounting of the affairs of the office as Sheriff of Bay County.

The plaintiff prayed for an accounting of the money received and disbursed by John Scott as Sheriff of Bay County, Florida, and an accounting of the money due said County by John Scott at the time he ceased to be Sheriff of said county and at the time of his death; that a court of equity hear evidence on the many claims involved in favor of Bay County against the estate of John Scott, deceased; and that a judgment be entered against Ezella Scott, as administratrix of the estate of John Scott, deceased, for such amount, with interest thereon, and against the deceased's surety, Continental Casualty Company.

The defendants moved the court to dismiss the bill of complaint on grounds (a) there was no equity in the bill; (b) the allegations were vague and indefinite and failed to state grounds for equitable relief; (c) it affirmatively appeared that the plaintiff had a full and adequate remedy at law; (d) a commingling of funds or any common property of the parties was not alleged; (e) fiduciary relations were not shown or alleged. The motion to dismiss by an order of the lower court was denied. This order was reviewed here by interlocutory certiorari under Rule 34 and by this Court denied on July 12, 1946.

The defendants answered the bill of complaint and either admitted or denied paragraphs and pertinent allegations thereof. They admitted that the administratrix had failed to render an accounting of the administration of the affairs of the office and were without knowledge as to whether certain

allegations in the bill of complaint were true or false and demanded strict proof thereof. They denied a fiduciary relationship now exists or has ever existed between the defendants or either of them and Bay County. They were not in possession of the records of the Sheriff's office of Bay County as kept by John Scott and have no knowledge as to the manner or method of keeping the said official records during the period John Scott occupied the office of Sheriff of Bay County.

W. R. England testified for the plaintiff below to the effect that he has been an Assistant State Auditor and had been employed in such capacity continuously since 1933 and his duties were to check and audit County and State officials of the State of Florida. He was a licensed Public Accountant from 1931 to 1933 and at the present time is a certified Public Accountant. England examined copy of Report No. 2738, the number given it by the State Auditing Department, and after an examination stated that he made up the accounts and records of John Scott as Sheriff of Bay County, Florida, from August 1, 1943 and ending January 1, 1945, and the report was dated June 1, 1945. The witness testified that he began the audit on March 20, 1945, and completed it on June 1, 1945, and actually worked on the assignment a period of fifty-nine days. In making the audit he referred to and used the same records as made by the Sheriff's office. He checked the records of cases in the County Judge's office and conviction records as kept in the Clerk's office.

Counsel for plaintiff below offered in evidence the certified copy of the report of the audit, which was identified as Plaintiff's Exhibit No. 1. It was offered in evidence to establish the amount due by John Scott to Bay County, Florida, at the time of his death. Objections on various grounds were made to its introduction by the plaintiff below and the objections were sustained by the Special Master and counsel for plaintiff filed several exceptions to the report as made by the Special Master. The Chancellor on final hearing sustained plaintiff's exceptions to the Special Master's report and admitted into evidence a copy of the auditor's report and entered a final decree for plaintiff below in the sum of $25,911.67, and defendants appealed.

Counsel for appellants contend (1) that a court of equity is without jurisdiction to entertain a suit for accounting, as was done in the case at bar: (2) that it has not been alleged, proven or established that a fiduciary relation existed between the parties; (3) that the court below committed reversible error in receiving into evidence, over seasonable objections of the defendant below, a certified copy of the audit identified as Plaintiff's Exhibit No. 1; (4) that the court erred by its order denying the defendants' motion to strike paragraph 6 of the bill of complaint. Counsel for appellee contend that the suffciency of the bill of complaint was fully sustained and the law of the case established when this Court on July 12, 1946, denied the petition for a writ of interlocutory certiorari under Rule 34.

Arguendo, let us concede that in sustaining the bill of complaint on the former appeal against an attack on motion to dismiss for want of equity, the bill contained equity. We then turn to the question: has a court of equity jurisdiction to entertain a suit for accounting as was held in the court below? The record discloses two items alone—first, some 600 bond estreatures and, second, 100 fines, and the proceeds thereof paid into the Sheriff's office. Counsel for appellants would have the State in the case at bar institute suits at law to recover the 700 contested items, and have a jury decide questions of fact incident thereto. Our adjudications recognize a distinction between equity jurisdiction and law, especially where a full, complete and adequate remedy exists at law. An answer to the contention may be found in our own adjudications. See Escambia County v. Blount Const. Co., 66 Fla. 129, 62 So. 650; R. O. Holton & Co. v. Hull, 140 Fla. 687, 192 So. 229; Campbell v. Knight, 92 Fla. 246, 109 So. 577.

Pomeroy's Equity Jurisprudence, Vol. 1 (5th ed.) 267-268, par. 186a, when discussing concurrent jurisdiction of equity and law, states the rule viz:

"Accounting.—The most important, comprehensive, and multiform remedy of the concurrent jurisdiction which results in pecuniary recovery is that of accounting (see Sec. 1420). The variety of its uses and possible applications is

practically unlimited; it can be adapted to all circumstances and relations in which an account is necessary for the settlement of claims and liabilities, and for the doing of full justice to the litigant parties. . . "

See Pomeroy's Equity Jurisprudence, Vol. 4 (5th ed.) 1076-1081, par. 1420-21-22; 1 Am. Jur. 298; 1 C. J. 613-619.

Emphasis is placed on the contention that the record fails to disclose an existing fiduciary relation between the parties so as to confer jurisdiction of the subject matter on a court of equity. The answer to the contention is that the voters of Bay County elected John Scott to the office of Sheriff of said County. The deceased prior to his death assumed and performed the duties of the office for a period of time. The 600 bond estreatures were made during the time he held the office as Sheriff and some 100 fines were imposed by the courts of Bay County. The bond estreature moneys and fines, according to the audit admitted in evidence, were paid to John Scott, as Sheriff of Bay County. Our statutory law made it the duty of the officer receiving the money honestly and faithfully to account for the same, make a proper record thereof and to place it with the official or bank as the statutes direct. He was without lawful authority to retain these sums, or any part thereof, but was charged with the statutory duty not only to receive but to disburse the same. The law imposes the duty on the officer when holding office to account for official moneys and if he fails so to do, then he or his legal representative may be required in a proper forum to perform the statutory obligations.

Counsel for appellants contend that the court erred in admitting in evidence a certified copy of the audit report No. 2738 identified as Plaintiff's Exhibit No. 1, reflecting a shortage in Sheriff Scott's office in the sum of $23,183.02. The preliminary evidence for its admission, as shown by the record, was given by Mr. English, the Assistant State Auditor, and Mr. Weaver, Clerk of the Circuit Court of Bay County. It is pointed out that no statutory authority exists for its admission in evidence and the case of McDaniel v. State, 103 Fla.

529, 137 So. 702, cited and relied upon in the lower court is not in point. Section 21.01, F.S.A., created a State Auditing Department for the State of Florida and consists of one State Auditor and ten Assistant State Auditors. Section 21.02, F.S.A., authorizes the Governor of Florida to appoint these auditors, whose term of office shall be for four years, but "no one shall be appointed State Auditor or Assistant State Auditor who is not a qualified accountant." Section 21.03 supra makes it a duty of an Auditor or an Assistant Auditor to "promptly report any delinquency or shortage on the part of any State or County officer, whose books, and papers have been audited by him"; he gives bond and subscribes to an oath that he will well and faithfully discharge the duties of his office. Section 21.06 supra provides a penalty for making a false report. Section 21.11 makes it the official duty of *any* Auditor when discovering a shortage, misappropriation of funds, or delinquencies by any officer, or any office, institution, board or commission at once to make a complete and detailed report thereof to the State Auditor, and then the State Auditor shall at once furnish the Governor a copy of such report, and a duplicate copy to the Comptroller of the State of Florida.

In Bell v. Kendrick, 25 Fla. 778, 6 So. 868, we held that official records kept by public officers and in which they entered their official transactions as a convenient and appropriate mode of properly discharging the duties of their office are admissible in evidence, although there is no statute expressly authorizing or requiring such registers to be kept. This rule has been reaffirmed by this Court in several cases. See Branch v. State, 76 Fla. 558, 80 So. 482; White v. State, 78 Fla. 52, 82 So. 602. In Sweat v. Waldon, 123 Fla. 478, 167 So. 363, we held that fees collected by a Sheriff represent a charge made by the Sheriff for his services and the excess is paid into the treasury, and the Sheriff becomes the trustee of the State to collect and properly account for these funds. Likewise, the law requires the State Auditor to audit the books and report any delinquency in such collection and a penalty is imposed on any county officer who fails to produce his records and books to be audited.

It is the rule in many States of the Union to give the findings of an Auditor as set out in his report the same effect equivalent to the report of a master in chancery. See Wigmore on Evidence, Vol. 5 (3 ed) 694-729, pars. 1672-23. Wharton's Criminal Evidence, Vol. 2 (11 ed), par. 1104, states the rule viz: "When pertinent and essential facts can be ascertained only by an examination of a large number of entries in books of account, an auditor or an expert accountant, who has made examination and analysis of the books and figures, may testify as a witness and give summarized statements of what the books show as a result of his investigation, provided the books themselves are accessible to the court and parties. See Tribble on Florida Evidence 1022, par. 4538.

The statutes supra creating the employment or office of State Auditor and ten Assistant State Auditors, prescribing their duty, requiring the making of a $5,000.00 bond by each, conditioned for the faithful discharge of duty and subscribing to an oath in effect that he will "faithfully discharge the duties of his office," coupled with other pertinent provisions of the statutes supra, are sufficient to bring the State Auditor or an Assistant State Auditor within the rule expressed in Bell v. Kendrick supra, and a statute permitting or admitting in evidence a certified copy of the State Auditor's report of the Sheriff's office of Bay County in the case at bar as contended for is not required. The certified copy of the State Auditor's report should be received as prima facie evidence of the correctness of the condition or affairs of the office for the period of time covered by the report and then contradictory evidence may be received by the trial court if offered.

We fail to find error in the record.

Affirmed.

THOMAS, C. J., TERRELL and HOBSON, JJ., concur.