PEARSON, Judge.
This appeal is from a final decree dismissing an amended complaint for failure to state a cause of action within the cognizance of a court of equity. The decree dismissed the cause but without prejudice to any right the plaintiff might have to prosecute an action or actions at law in a court of competent jurisdiction. The decree is reversed, insofar as it dismissed the cause with directions to proceed under Rule 1.39(a), Florida Rules of Civil Procedure, 30 F.S.A., to try the cause upon the law side.
The amended complaint had as its primary purpose the re-establishment of certain lost negotiable notes and the collection of the same. As an incident of the collection the plaintiff asked for additional relief as follows: (1) that the court determine the legal significance, if any, of a certain letter, which it was anticipated might be pleaded as evidence of a discharge of the obligation represented by the notes; and (2) that an accounting be had between the parties to determine the sums of money owing by one of the defendants to the plaintiff, “including debts evidenced by the re-established lost instruments, together with interest and attorney’s fees provided in said instruments and by law.”
The Chancellor in his decree cited Burleson v. Jesse French & Sons Piano Co., 90 Fla. 16, 104 So. 860 and Clore v. Drebach, 111 Fla. 788, 150 So. 135. These cases demonstrate that a bill of complaint to re-establish a lost note and to have a personal decree against the defendant for the amount of the debt to be evidenced by the re-established note is without equity. This is true because lost instruments may be established by secondary evidence at law as in equity and the defendant is entitled to a jury trial upon the instrument itself. Renner v. Bank of Columbia, 1824, 9 Wheat. 581, 22 U.S. 581, 6 L.Ed. 166; Chitty, Bills, 268 (1842).
The appellant urges that her prayer for the court to determine the legal significance, if any, of a letter which might be pleaded as evidence of a discharge of the obligation represented by the notes, is sufficient ground for equity jurisdiction. In this connection it should be pointed out that the order of the Chancellor was made after answer and the taking of testimony, and that both the answer and the testimony demonstrated the fact that there was no conflict upon the effect of the letter to which reference was made in the prayer. The defendants-appellees did not claim a discharge because of the letter, and a determination of its legal significance was not necessary for a determination of the suit. Therefore it is not necessary for this court to investigate this prayer as a basis for equity jurisdiction.
It is next urged that it was error for the Chancellor to refuse to take jurisdiction in equity because the amended complaint contained a prayer for an account *496 ing. Courts of equity and courts of law have concurrent jurisdiction in the matter of accounting. Scott v. Caldwell, 160 Fla. 861, 37 So.2d 85; 1 Pomeroy, Equity Jurisprudence § 186a (5th ed. 1941). This state recognizes a distinction between equity jurisdiction and law, especially when a full, complete and adequate remedy exists at law. See Scott v. Caldwell, supra, and cases therein cited. In the cause before us neither the complaint nor the evidence offered made a case for the exercise of equity jurisdiction because of extensiye, mutual or complicated accounts. Unless it clearly appears that the demands of the plaintiff cannot be expeditiously and accurately adjudicated in a court of law, the ruling of the Chancellor refusing to take jurisdiction in equity should not be held to be error. See Escambia County v. Blount Const. Co., 66 Fla. 129, 62 So. 650; Royal Indemnity Co. v. Knott, 101 Fla. 1495, 136 So. 474.
The trial judge, having determined that the cause was not properly before him as a Chancellor, dismissed the case. The Florida Rules of Civil Procedure provide for a transfer to the law side under such circumstances. It should be pointed out that the Chancellor may have been influenced in this decision by the fact that ordinarily the separate notes concerned could not be joined at law for the purpose of obtaining the jurisdictional amount in controversy. Burkhart v. Gowin, 86 Fla. 376, 98 So. 140. However, Section 71.03, Fla.Stat., F.S.A. under which the plaintiff was proceeding, expressly states that the action shall be brought in the circuit court. It should be noted that notwithstanding Section 71.04, Fla.Stat., F.S.A., courts of inferior jurisdiction do not have jurisdiction to entertain suits to re-establish lost negotiable instruments. Courts of law do not have an inherent power to re-establish such papers not already a part of their records. Ex parte Greenway, 6 Ves.Jun. 811, 31 Eng.Rep. 1321 (Ch.1802); Pierson v. Hutchinson 2 Camp. 210, 170 Eng.Rep. 1132, (N.P.1809) ; Bayley, Bills of Exchange 413 (1836); Chitty, Bills, 269, 270 (1842); Daniel, Negotiable Instruments, § 1737 (7th ed. 1933); Story, Equity Jurisprudence, §§ 126, 127 (14th ed. 1918). Therefore the proper procedure in the circuit court would have been to transfer the cause to the law side and go forward with the case. This result will have the additional advantage that the Chancellor having already heard the testimony, will be in a position to simplify by proper order the issues to be submitted for the common law trial.
Affirmed in part and reversed in part.
CARROLL, CHAS., C. J., and HORTON, J., concur.