CARROLL, Judge.
The appellees, the defendants below, entrusted an automobile to one John Felton Dean and authorized him to drive it from Richmond, Virginia, to Miami, where, five or six days later the car was involved in a collision with plaintiffs’ automobile. Plaintiffs sued for damages for personal injuries, and they now appeal from a judgment entered on a directed verdict for the defendants, granted by the trial court for plaintiffs’ failure to show that the single individual (driver) in defendants’ car was the man to whom it had been entrusted. That failure of proof resulted from the trial court’s exclusion of the evidence offered by plaintiffs on the issue of identity.
The man was thrown from the car and rendered unconscious, and remained so until sometime after he received emergency treatment in the hospital. A Florida driver’s license found in his wallet by the investigating officer at the scene of the accident was one issued to John Felton Dean. The trial judge sustained an objection to the officer’s testifying to that fact. The plaintiffs also attempted to introduce the hospital records showing that this man was admitted and carried on the records for five weeks as “John Dean.” The court sustained an objection to their introduction. The exclusion of such evidence was error, and requires reversal of the judgment.
Evidence offered on an issue of identity, in order to be admissible, need not in itself constitute clear or irrefutable proof. Any fact which in the course of ordinary affairs tends to satisfy a person of average judgment as to the identity of an individual is admissible as evidence bearing on that issue.[1] Of course, as the trial judge pointed out, a driver’s license could be stolen. It can be forged, or altered or otherwise ungenuine. But a driver’s license produced by a person generally is regarded as reliable evidence of his identity in everyday business transactions, and the fact that this man carried a driver’s license issued to John Felton Dean was competent material evidence bearing on his identity. In this case the circumstances favor the evidence rather than repel it. The name on the driver’s license was that of the man to whom the car had been entrusted by defendants, and the car was in the area to which defendants had authorized him to drive it.
The hospital records were admissible under § 92.36, Fla.Stat., F.S.A. as business records,[2] and their probative force as evidence of identity was enhanced by the requirement of § 382.31, id., that the hospital shall record “all personal particulars” of the patient, which clearly would include his identity.[3] If Dean’s identity was uncertain *536 at the time he was admitted to the hospital, because he was then unconscious, the records show he remained there long after he regained consciousness, and the statutory duty of those in charge of the hospital to determine his identity being a continuing one, it may be assumed that duty was performed, and his identity as John Dean established when the hospital continued to carry him on its daily reports under that name and finally discharged him as John Dean after five weeks.
The evidence offered, that the driver’s license found in the man’s wallet was issued to John Felton Dean and that the hospital carried him on its records throughout as John Dean, would have been sufficient evidence to allow a jury to find that the driver of defendants’ car at the time of the collision was John Dean.
Accordingly, the judgment appealed from is reversed and the cause is remanded for new trial.
Reversed.

.See In re Moxley’s Will, 103 Vt. 100, 152 A. 713, 715-16; Scales v. Texas Liquor Control Board, Tex.Civ.App.1946, 192 S.W.2d 466, 468; Jones v. Britt, 75 Ga. App. 142, 42 S.E.2d 648, 650; Underhill, Criminal Evidence (5th ed.1956), § 127. Any uncertainty of identifying evidence, and the method of identification, go to the weight of the evidence, rather than to its admissibility. Underhill, supra, 1961 Supplement at p. 51. See also 20 Am.Jur., Evidence, § 350; 32 C.J.S. Evidence, § 1047, page 1135; 13 Fia.Jur., Evidence, § 162.

. See Allen v. St. Louis Public Service Company, 365 Mo. 677, 285 S.W.2d 663, 55 A.L.R.2d 1022; VI Wigmore, Evidence, § 1707.

. See Moran v. Pittsburgh-Des Moines Steel Co., 3 Cir.1950, 183 F.2d 467, 473; *536 32 C.J.S. Evidence §§ 626, 637, pp. 477, 489, § 728 at p. 636. Cf. Scott v. Caldwell, 160 Fla. 861, 37 So.2d 86, 88; Smith v. Mott, Fla.1957, 100 So.2d 173.