HENDRY, Judge.
Defendants appeal from a final judgment of the Circuit Court entered pursuant to a jury verdict in favor of the plaintiff.
Plaintiff-appellee was the tenant of the first floor premises at 3900 N. Miami Avenue, Miami, Florida, and the appellants occupied the second floor. On October 8, 1961 appellee suffered damages to its property as a result of a fire on the premises.
Plaintiffs introduced evidence to show that on the day in question; two of appellants’ employees spent approximately three hours using an acetylene torch taking steel pipe racks apart; these employees were working directly above the location where the fire started; appellee had its portion of the premises (first floor) piled high, almost to the ceiling, with cotton, upholstery supplies and other materials used in its business of supplying interior decorators; appellants’ employees were working within a few feet of a separation between the floor and the wall; this opening dropped down to the first floor and could be seen through; as the cutting of the steel pipe was performed with the torch, the material became molten and the pressure of the torch blew this molten material away in many directions ; the fire was discovered approximately one and one-half hours after the appellants’ employees left the premises on a Sunday when no one else was in the building.
Appellants contend that it was error to: (1) deny appellants’ motion to strike testimony of plaintiff’s witnesses as to the electrical repair work not actually performed by the witness; (2) refuse to charge the jury that when an inference is drawn upon an inference, the first inference must be the only reasonable inference that could be drawn;[1] (3) admit into evidence lists of *15 damaged goods, when the original records from which these lists were prepared, were available, and (4) permit plaintiff’s fire expert to testify that there was no indication that the fire had started because of defective wiring.
We have carefully considered the points raised by appellants in the light of the record and applicable law; we find no reversible error.
Appellants’ first assignment of error deals with the testimony of Mr. Bennett, an electrical contractor, for the plaintiff. Evidence had been introduced on behalf of appellants which indicated that the fire complained of may have started in the electrical wiring of the building and not as a result of the negligent use of an acetylene torch. In order to refute this inference, plaintiff put Mr. Bennett on the stand, and he testified that the electrical problems had been corrected several months before the fire. It was revealed that the witness had not actually performed the repairs, but had determined what repairs were necessary, and ordered them performed by his assistant. After the witness Bennett had been cross-examined and had completed his testimony, appellant moved to strike his testimony, which motion the trial court denied.
Appellants’ points one and four can be disposed of by virtue of § 54.23, Fla. Stat., F.S.A.; it is our considered opinion that these assigned errors have not “resulted in a miscarriage of justice”.[2] Bennett’s testimony that the repair work had been completed in accordance with his instructions was hearsay.[3] This testimony, however, was not the important evidence. The crucial testimony given by Mr. Bennett related to the fact that the electrical equipment introduced into evidence by appellant was not part of the equipment which Bennett determined needed repair. This fact was crucial for the jury to find that the plaintiff was not guilty of contributory negligence. Appellants, in an attempt to establish contributory negligence had introduced evidence which showed that the appellee’s air conditioning equipment was blowing fuses several months prior to the fire. Ap-pellee countered with Mr. Bennett’s testimony that the burnt fuse box appellant introduced into evidence had nothing to do with the air conditioning blowing fuses. The fact that it was repaired was irrelevant when it was established that the instrumentality which appellant contended started the fire was shown to have no connection with appellee’s claimed contributory negligence. If the burnt fuse box had any connection with the fire, it could not be attributed to appellees; it would have to be attributed to the owner of the building, inasmuch as, this equipment was not under the control of the appellee, tenant. It is therefore apparent that the admission of this testimony was harmless error,[4] and does not justify reversal.
Similarly, permitting appellee’s expert to testify that there was no indication that the fire resulted from defective wiring was harmless error,[5] especially in view of the fact that there was evidence introduced that the electrical wiring did not contribute to the fire.
*16 The trial court correctly refused to charge as requested by appellant. A trial judge is not required to charge on a principle of law having no relation to the case at bar.[6] It was not necessary for the jury to draw an inference from an inference in order to reach their verdict. There was only one fact which the jury had to infer in order to reach their result, to-wit: that the fire resulted from the use of the acetylene torch.[7] Once having inferred the existence of the fact, the fire resulted from the torch, the jury could have then determined, not inferred, that such use being negligent, proximately caused the plaintiff’s damage.
The lower court’s act of allowing into evidence tabulations of business records rather than requiring the original records themselves, was a discretionary act which was not abused herein. Appellants object to permitting the appellee to introduce lists of goods which were damaged in the fire for the purpose of establishing damages. It is admitted that these lists were prepared from the original records which were voluminous and available in court. The veracity of the lists is not questioned by appellant, only that they are not the best evidence.
It is without question that if these records had been introduced into evidence, it would have then been perfectly proper for tabulations and compilations of these records to be presented to the jury. It is equally true that the condition precedent, the introduction of voluminous documents, can be dispensed with and tabulations prepared therefrom, can be permitted into evidence, where the original records are in court and available to the opposing side, for any purpose they might deem fit.[8] Such a rule is necessary and just for the expedient disposition of litigation wherein neither party suffers from the judicial “short-cut”. In view of the great mass of original documentary evidence involved, it was to both side’s advantage to have this material in an understandable and useable form rather than attempting to glean the relatively few necessary relevant facts from a voluminous assortment of books and records.
In view of the foregoing the judgment appealed is affirmed.
Affirmed.

. The charge requested by appellant and refused by the court was as follows:
“I further charge you that whore it is necessary for a party to draw an inference from a particular state of facts and then from that inference draw another inference that is essential to that party’s case that under such circumstances the second inference has no probative weight or value unless the first *15 inference is the only reasonable inference that can be drawn from the given facts and excludes every other possible reasonable inference. In other words, where a party in order to recover must draw an inference as to the existence of a fact from other inferences, your verdict must be against that party unless the first set of inferences are conclusive to the exclusion of any reasonable doubt.”

.§ 54.23, Fla.Stat., F.S.A.

. 31A C.J.S. Evidence §§ 192-200 and cases cited therein.

. Compare City of Jacksonville v. Vaughn, 92 Fla. 339, 110 So. 529; Greyhound Corp., Southeastern Greyhound Lines Div., v. Carter, Fla.1960, 124 So.2d 9.

. See Note 2; Sawyer v. State, 100 Fla. 1603, 132 So. 188; Hinckley v. Shell Co. of California, 127 Wash. 630, 221 P. 594 (1923).

. Driver v. State, Fla.1950, 46 So.2d 718.

. Compare Standard Oil Co. of N. Y. v. R. L. Pitcher Co., 289 F. 678 (1st Cir.1923).

.Scott v. Caldwell, 160 Fla. 861, 37 So.2d 85; New Amsterdam Cas. Co. v. W. D. Felder & Co., 214 F.2d 825 (5th Cir.1954).