## POPE v. BANYAN TREE VILLAGE
## CONDOMINIUM ASSN., et al.
### No. 80-2890 CA(L)01 E
Fifteenth Judicial Circuit, Palm Beach County
June 1, 1982

James Wilkerson, Jr., for defendant.

Alexander Myers, for plaintiff.

JACK H. COOK, Circuit Judge

THIS CAUSE comes before the Court upon Plaintiff's Motion in Limine seeking to exclude blood alcohol test results. The Motion in Limine was presented to the Court without the Court having benefit of any testimony bearing upon the nature of the treatment being rendered to the Plaintiff by the Doctor who ordered the blood alcohol test. Additionally, no testimony was presented to the Court relative to the question of Plaintiff's consent, although it is asserted in the motion that the blood alcohol test was performed without Plaintiff's permission.

Plaintiff asserted at the hearing that pursuant to F.S. §§322.261 and 322.262, it was necessary for Plaintiff to give his consent prior to any such blood tests being performed and that failure to obtain consent precludes the use of the test results at trial. The Defendants take the position that these Statutes are inapplicable in this situation since this blood test was not a pre-arrest test and no law enforcement agencies were involved. The Court accepts the position urged by the Defendants in this regard and finds that §§322.261 and 322.262, *Supra,* are inapplicable to this cause.

Plaintiff next assets that if the blood tests are to be admitted into evidence, they should not come in as part of the hospital records under the business records exception to the hearsay rule, but rather, should be admitted only after the person performing the test has been duly qualified as an expert to testify relative to the test results.

To the Court's knowledge, this precise question has not been presented under the new evidence code. There was some prior authority for the admission of hospital records under the business records exception to the hearsay rule, see *Williamson Candy Co. v. Lewis,* 144 So.2d 522 (Fla. 3d DCA 1962) and *Stettler v. Huggins,* 134 So.2d 534 (Fla. 3d DCA 1961). The evidence code seems to clearly contemplate hospital records being admitted under the business records exception. However, in a case such as this, a question arises as to the import of F.S. §90.803(6)(b) which provide as follows:

> "No evidence in the form of an opinion or diagnosis is admissible under paragraph (a) unless such opinion or diagnosis would be admissible under ss. 90.701-90.705 if the person whose opinion is recorded were to testify to the opinion directly."

Plaintiff is evidently asserting, although not clearly, that pursuant to this paragraph a person performing the blood test must be qualified as an expert and only then may his testimony concerning the blood test results be admitted. To this Court's knowledge, no Florida Appellate Courts have ruled on this question.

The case of *United States v. Licavoli,* 604 F.2d 613 (9th Cir. 1979) seems to be the case most closely on point. In *Licavoli, Supra,* the United States prosecuted the defendant for receiving stolen goods and as proof of the jurisdictional amount of $5,000.00, introduced into evidence a record of an appraisal which was contained in the records of the insurance company which insured the stolen property. Upon appeal, Licavoli asserted the admission of this evidence as error because the government had failed to establish the appraiser's expert qualifications. Florida's rule regarding the business record exception is patterned after the Federal rule, with the exception that subdivision (b) of the Florida rule as set out above does not appear in the Federal rules.

The Court of Appeal rejected Licavoli's contention noting that there were circumstantial guarantees of trustworthiness in a record contemporaneously prepared by one who was acting under a business duty of care and accuracy, particularly when the business entity for which the record is prepared relied upon it. The same circumstantial guarantees of trustworthiness certainly apply to hospital records where the treatment of the patient will be predicated upon the reports and test results appearing in the records. In this Court's opinion, subdivision (b) of the business records exception, does not require that the proponent of a hospital record call the tester or diagnostician to qualify him as an expert in order to introduce the portion of the hospital record containing the diagnosis or test result. Rather, the Court believes that the solution adopted by the Court in *Licavoli, Supra,* is more appropriate where

questions of expert qualifications are raised. The *Licavoli* Court noted as follows:

> "We see·no reason to adopt an inflexible rule that every case requires a proponent of a business record containing expert opinion to affirmatively establish the qualifications of the person performing the opinion. Rule 803(6) expressly provides for the exclusion of a business record if the source of information indicates a lack of trustworthiness. That provision allows the trial judge, in the exercise of his or her discretion, to exclude from evidence a record of the opinion of an expert whose qualifications are seriously challenged. (citations omitted)"

The Court then noted that Licavoli failed to alert the Trial Court of specific facts raising any doubt concerning the appraiser's qualifications. In the instant case, the Plaintiff may take the deposition of the person performing the blood test and if serious questions concerning the qualifications of the person performing the test are discovered or questions concerning the manner in which the test was performed are raised, those may be called to the Court's attention when the hospital records are offered and an appropriate profer may be made at that time. If the Court then considers that a serious question exists concerning either the qualifications of the tester or the manner in which the test was performed, that portion of the hospital records may be excluded pending further proof by the proponent.

Therefore, for the foregoing reasons, the Motion in Limine is denied.