425 So.2d 569 (1982)
KING MOUNTAIN CONDOMINIUM ASSOCIATION, INC., et al., Appellants,
v.
William GUNDLACH, et al., Appellees.
Nos. 80-869, 80-1144.
District Court of Appeal of Florida, Fourth District.
December 15, 1982.
Rehearing Denied February 9, 1983.
Jeffrey E. Streitfeld and Mark B. Schorr of Becker, Poliakoff & Streitfeld, Fort Lauderdale, for appellants.
Davis W. Duke, Jr., and J. Cameron Story, III, of McCune, Hiaasen, Crum, Ferris & Gardner, Fort Lauderdale, for appellees.
HURLEY, Judge.
The principal question on appeal is whether the appellants, a condominium association and a class of unit owners, had a constitutional right to a jury trial on their claim against the developer-appointed, initial officers and directors of the association. We have concluded that the appellants did not have a constitutional right to a jury trial on their claim seeking disgorgement and restitution of alleged unjust enrichment *570 in the form of secret profits obtained through unconsented-to self-dealing. With regard to the appellants' other points on appeal, we have found no reversible error and, accordingly, we affirm the judgment appealed.
King Mountain Condominium Association and a group of unit owners acting on behalf of the class of owners in the condominium, which is also known as Monterey Yacht and Country Club, instituted this suit against the condominium developer, the lessor of a long-term recreation lease, and the developer-appointed, initial officers and directors of the association. The association and the class were dissatisfied with the provisions of a ninety-nine year recreation lease, particularly the rent escalation clause. They sought a declaratory judgment that the lease, or certain of its provisions, was unenforceable because of alleged unconscionability or because of the inclusion of alleged unfair and unreasonable covenants. In addition, they sought damages, an accounting, and other relief for breach of the duty of the initial officers and directors of the condominium association to refrain from unjustly enriching themselves through unconsented-to self-dealing. See Avila South Condominium Association v. Kappa Corp., 347 So.2d 599, 607 (Fla. 1977). After a bench trial, the trial judge entered a judgment in favor of the defendants on all counts.
The first question we must address is whether the trial court erred in denying the appellants' motion for a jury trial on the issue of improper self-dealing. The appellees, by motion to strike, opposed the jury request on the ground that appellants were seeking to enforce an equitable right and obtain an equitable remedy.
The Declaration of Rights of the Florida Constitution guarantees the right to trial by jury: "The right to trial by jury shall be secure and remain inviolate." Article I, Section 22, Florida Constitution; see Hightower v. Bigoney, 156 So.2d 501 (Fla. 1963); Rule 1.430(a), Fla.R.Civ.P. While it is true that questions concerning the entitlement to this right should be resolved, if possible, in favor of a jury trial, Hollywood, Inc. v. City of Hollywood, 321 So.2d 65, 71 (Fla. 1975), it is also certain that the right to a jury trial applies only to legal as opposed to equitable causes of action.[1] This distinction was underscored by the court in Hawkins v. Rellim Investment Co., 92 Fla. 784, 110 So. 350, 351 (1926) where it held:
In construing section 3 of the Declaration of Rights and the Seventh Amendment to the federal Constitution, the courts hold that these provisions are designed to preserve and guarantee the right of trial by jury in proceedings, according to the course of the common law as known and practiced at the time of the adoption of the Constitution, and in neither case do they extend to or have any reference to equitable demands enforced in the courts of chancery. They cover a narrow field of litigation affecting private rights and are not applicable to remedies unknown to the common law.
As new causes of action developed, it became more difficult to determine a litigant's right to a jury trial. No longer did a quick reference to the history of the chancery courts provide a clear-cut answer. A more probing analysis was necessary. Since the Seventh Amendment to the Federal Constitution also guarantees the right to trial by jury in legal actions,[2] Florida courts looked to federal case law for guidance *571 in developing a suitable test. See High Tower v. Bigoney, 156 So.2d 501 (Fla. 1963); Smith v. Barnett Bank of Murray Hill, 350 So.2d 358, 359 (Fla. 1st DCA 1977); Dobbs, Remedies § 2.6 at 80 n. 53 (1973 West). The federal test is often phrased in terms of whether, "the action involves rights and remedies of the sort traditionally enforced in an action at law, rather than an action in equity or admiralty." Pernell v. Southall Realty, 416 U.S. 363, 375, 94 S.Ct. 1723, 1729, 40 L.Ed.2d 198, 209, annot. 846 (1974); see Curtis v. Loether, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974).[3] Similarly, the Florida test is whether the party seeking a jury trial is trying to invoke rights and remedies of the sort traditionally enforceable in an action at law. See Cheek v. McGowan Electric Supply Co., 404 So.2d 834 (Fla. 1st DCA 1981); see generally 33 Fla.Jur.2d Juries § 13 et seq. (1982); 22 Fla.Jur.2d Equity § 4 et seq. (1980).
In the case at bar, appellants assert that the trial court erred in denying their motion for a jury trial on their claim for damages for breach of fiduciary duty. In response, the appellees contend that the appellants' claim for "damages" is actually a claim seeking the restitution of unjust enrichment obtained through alleged misuse of the fiduciary relationship, and that such a claim is cognizable exclusively in equity.[4] The mere use of the label "damages" is not sufficient to create a right to jury trial. Cf. Dairy Queen, Inc. v. Wood, 369 U.S. 469, 477-78, 82 S.Ct. 894, 900, 8 L.Ed.2d 44, 51 (1962) (the constitutional right to trial by jury cannot be made to depend on the choice of words used in the pleadings). Rather, the right to trial by jury turns on the nature of the right and remedy sought to be enforced.
"Breach of a fiduciary duty" is an ambiguous expression. Fiduciaries have a number of duties towards their beneficiaries, some of which are legal and some equitable. See Dobbs, Remedies §§ 10.4 and 4.3 at 252 (1973 West). Moreover, law and equity often had concurrent jurisdiction in matters concerning fiduciaries. See, e.g., Scott v. Caldwell, 160 Fla. 861, 37 So.2d 85, 87 (1948) (accounting). Thus, it has been said that, "A fiduciary who commits a breach of his duty as fiduciary is guilty of tortious conduct and the beneficiary can obtain redress either at law or in equity for the harm done. As an alternative, the beneficiary is entitled to obtain the benefits derived by the fiduciary through the breach of duty." Restatement of Restitution § 138 comment a (1937); see Restatement (Second) of Torts § 874 comment b (1979). Therefore, the fact that a cause of action arises out of a fiduciary relationship does not necessarily mean that the action is one cognizable only in equity. Beck v. Barnett National Bank of Jacksonville, 117 So.2d 45, 50 (Fla. 1st DCA 1960) (list of examples). Again, whether the action will lie at law, in equity, or both depends on the nature of the breach and the remedy sought.
We believe that the breach and the remedy sought in the present case were equitable in nature. The appellants' claim was recognized by the Florida Supreme Court in Avila South Condominium Association v. Kappa Corp., supra. In characterizing the nature of the claim, our Supreme Court said that,
[S]elf dealing by officers and directors of condominium associations, without more, is not actionable... . Certain public interests may be served by leaving to developers the possibility of self dealing; *572 such flexibility may facilitate financing of some phases of some projects, with resulting economies that can be passed on to the public. But there is absolutely nothing to recommend a rule of law which encourages persons in positions of trust secretly to betray their trust for inordinate personal gain, at the expense of those to whom they owe a fiduciary duty... . [Therefore, we] hold that any officer or director of a condominium association who has contracted on behalf of the association with himself, or with another corporation in which he is, or becomes substantially interested, or with another for his personal benefit may be liable to the association for that amount by which he was unjustly enriched as a result of his contract. However, no director or officer shall be required to return any portion of moneys paid by the association where it is shown that he received funds with the consent of the association or with the consent of a substantial number of the individuals comprising the association. After careful consideration of the facts in each case, based upon specific findings, the trial judge, in his discretion, shall grant such relief as equity dictates.

347 So.2d at 607 (emphasis added).[5] Thus, the disgorgement of secret profits obtained by the developer-appointed, initial officers and directors of a condominium association is an equitable remedy which does not give rise to a right of trial by jury.[6]
As for appellants' other points on appeal, we have concluded that the appellants have failed to demonstrate reversible error. The appellants have asserted that the trial court failed to consider and apply the rebuttable presumption of unconscionability set forth in Section 718.122, Florida Statutes (1977). The appellees, however, assert that the statute was fully presented and argued to the trial judge and that there is no indication that the judge did not consider and apply the rebuttable presumption. Based on these assertions, and because there is no record evidence to support the appellants' assertion, we must assume that the trial court properly applied the statute.
The appellants have also asserted that the evidence in this case cannot support the trial court's ruling that the lease is not unconscionable. The evidence on this point, however, was substantial and conflicting. Although we may have evaluated the evidence differently in the first instance, we cannot reverse because the trial court resolved the conflicts in a permissible manner and the judgment is supported by substantial competent evidence. See Delgado v. Strong, 360 So.2d 73 (Fla. 1978); see generally 3 Fla.Jur.2d Appellate Review §§ 313, 347, 348 (1978). For the same reasons, we cannot reverse the trial court's finding that the escalation clause does not constitute an unenforceable covenant.
Finally, we note that the appellants, in support of their argument that the trial court should have concluded that the escalation clause was unenforceable, submitted as supplementary authority the recent opinion in Steinhardt v. Rudolph, 422 So.2d 884 (Fla. 3d DCA 1982) [7 FLW DCA 1793]. There, the Third District affirmed a trial court's finding that an escalation clause in a condominium ground lease was unconscionable. Although Steinhardt offers some support for appellants' position, it is distinguishable and does not compel a reversal in this case. There are substantial differences between the facts involved in Steinhardt and those involved here. First, Steinhardt concerned a ground lease of the land actually underlying the condominiums. The court concluded that this land had virtually no economic value on the open market because it was subject to the condominiums above and therefore could not be developed. By contrast, in our case, the lease is a recreation lease of certain parking areas and the *573 recreational facilities which include a golf course, a swimming pool, two clubhouses, boat slip facilities, a security gatehouse, and shuffleboard courts. These areas and facilities have an economic value on the open market. Second, in Steinhardt, the double escalation clause allowed only a rise in rents. In our case, the single escalation clause allows a downward adjustment so long as the rents do not fall below the base rate established at the inception of the lease. Finally, in Steinhardt, the developer's salespersons urged the buyers not to obtain independent legal representation and led them to believe that legal counsel would be provided. By contrast, in our case, there is no evidence suggesting that such a manifestly deceptive practice occurred. Because of these differences, we believe that the trial court's ruling in this case is not inconsistent with Steinhardt.
Accordingly, the judgment is affirmed.
DELL, J., and SHARP, G. KENDALL, Associate Judge, concur.
NOTE: DELL, J., did not participate in oral argument but has reviewed the recorded presentation made at that proceeding.
NOTES
[1] The 1967 merger of Florida's law and equity procedures has given rise to difficult questions concerning the constitutional right to a jury trial. See Padgett v. First Federal Savings & Loan Ass'n, 378 So.2d 58, 64 (Fla. 1st DCA 1979); see also Dobbs, Remedies § 2.6 at 68-82 (1973 West); Oakes, The Right to Strike the Jury Trial Demand in Complex Litigation, 34 U.Miami L.Rev. 243 (1979-80); Note, Merger of Law and Equity in Florida  Problems and Proposals, 20 U.Fla.L.R. 173, 191-198 (1967-68).
[2] The Seventh Amendment provides:

In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.
[3] The federal test has also been phrased as follows: "the "legal" nature of an issue is determined by considering, first, the pre-merger custom with reference to such questions; second, the remedy sought; and, third, the practical abilities and limitations of juries." Ross v. Bernhard, 396 U.S. 531, 538 n. 10, 90 S.Ct. 733, 738 n. 10, 24 L.Ed.2d 729, 736 n. 10 (1970).
[4] We note the appellants' characterization of their claim for "damages": "It is fully within the province and the ability of the jury to determine how much the defendants profited from their breach of fiduciary duty to the plaintiffs, and award damages in that amount." (Reply brief 20). In a hearing before the trial court, the appellants characterized their claim as follows: "We know exactly to the penny, what dollars have been received by the Defendants as a result of their alleged act of self-dealing. The only questions here, is number one; whether it was a breach of that duty. And number two; the extent the jury will require those monies to be returned." (R. 16).
[5] See also Commodore Plaza at Century 21 Condominium Ass'n v. Cohen, 350 So.2d 502, 507 (Fla. 3d DCA 1977), cert. denied and appeal dismissed, 362 So.2d 1051 (1978).
[6] Of course, the trial court always has discretion to submit a factual question in an equity case to a jury. See Berg v. New York Life Insurance Co., 88 So.2d 915 (Fla. 1956); see also Allstate Insurance Co. v. Vanater, 297 So.2d 293, 296 (Fla. 1974).