PER CURIAM.
Petitioners seek review of the circuit court’s order granting respondent’s motion to strike petitioners’ request for a jury trial. This court has jurisdiction to review the circuit court’s order by way of certiorari. See Valiante v. Allstate Insurance Co., 462 So.2d 590 (Fla. 2d DCA 1985); Spring v. Ronel Refining Co., Inc., 421 So.2d 46 (Fla. 3d DCA 1982). Because the circuit court departed from the essential requirements of law in denying petitioners the right to jury trial, we grant the writ.
This is the second time this court has reviewed this action. In In re Guardianship of Medley, 573 So.2d 892 (Fla. 2d DCA 1990), Medley I, this court determined that the complaint to surcharge respondent for damages resulting from the breaches of its fiduciary duties stated a cause of action. In this proceeding, we are asked to consider whether such a cause of action gives rise to a right to trial by jury. The pertinent facts are fully set forth in Medley I.
In Beck v. Barnett National Bank, 117 So.2d 45 (Fla. 1st DCA 1960), the court in a *620 similar action held that a former ward has a constitutional right to jury trial in an action brought by the ward to recover damages from the former guardian for breach of a duty committed during the guardianship and prior to discharge. We find the cause of action in this case to be similar to that in Beck. Accordingly, petitioners have a right to jury trial on the claim for damages as a surcharge against respondent for breaches of its fiduciary duties.
Respondent cites King Mountain Condominium Association v. Gundlach, 425 So.2d 569 (Fla. 4th DCA 1982), as contrary authority. The cause of action in Gundlach is distinguishable from the cause of action in this appeal. In Gundlach, a condominium association sought to disgorge secret profits obtained by the officers and directors of the association. The court found that the cause of action arising out of that particular fiduciary relationship was cognizable only in equity. Citing Beck, the court noted that the mere fact that a cause of action arises out of a fiduciary relationship does not prevent the action from being cognizable at law.
The writ of certiorari is granted; the trial court’s order granting respondent’s motion to strike the request for jury trial is quashed.
CAMPBELL, A.C.J., THREADGILL and PATTERSON, JJ., concur.