SCHWARTZ, Chief Judge.
We agree with the trial court that section 255.071(4), Florida Statutes (1993), which makes the remedies of accounting, injunction, *634 and attachment[1] available for the enforcement of an existing right of a subcontractor on a government job to recover money already paid for its services from the contractor, is applicable to an action arising from a contract entered into before its effective date. City of Orlando v. Desjardins, 493 So.2d 1027, 1028 (Fla.1986) (remedial statutes should be applied retroactively to serve their intended purposes); City of Lakeland v. Catinella, 129 So.2d 133 (Fla.1961) (remedial statutes only operate in furtherance of remedies or confirmation of rights already existing); Ginsberg v. Lennar Fla. Holdings, Inc., 645 So.2d 490, 497 (Fla. 3rd DCA 1994) (Florida Statute section 697.07, providing for simplified procedure to enforce existing rights to assignment of rents in foreclosure cases is remedial and thus retroactive); Nassau Square Assocs. v. Insurance Comm’r, 579 So.2d 259, 260-61 (Fla. 4th DCA 1991) (same). See Escambia County v. Blount Constr. Co., 66 Fla. 129, 62 So. 650 (1913) (accounting available as remedy to enforce contract rights); Steen v. Ross, Keen & Co., 22 Fla. 480 (1886) (attachment is remedy); 29 Fla.Jur.2d Injunctions § 10 (1981) (injunction is remedy). We also reject the appellant’s claim that the procedural provisions of the statute are invalidly in conflict with any rule of civil procedure. Compare Haven Fed. Sav. & Loan Ass’n v. Kirian, 579 So.2d 730, 732-33 (Fla.1991).
Affirmed.

. Section 255.071, Florida Statutes (1993), provides:
(1) Any person, firm, or corporation who receives a payment from the state or any county, city, or political subdivision of the state, or other public authority, for the construction of a public building, for the prosecution and completion of a public work, or for repairs upon a public building or public work shall pay, in accordance with the contract terms, the undisputed contract obligations for labor, services, or material provided on account of such improvements.
(2) The failure to pay any undisputed obligations for such labor, services, or materials within 30 days after the date the labor, services, or materials were furnished and payment for such labor, services, or materials became due, or within 30 days after the date payment for such labor, services, or materials is received, whichever last occurs, shall entitle any person providing such labor, services, or materials to the procedures specified in subsection (3) and the remedies provided in subsection (4).
(3) Any person providing labor, services, or materials for the construction of a public building, for the prosecution and completion of a public work, or for repairs upon a public building or public work improvements to real property may file a verified complaint....
******
(4)After service of the complaint, the court shall conduct an evidentiary hearing on the complaint, upon not less than 15 days' written notice. The person providing labor, services, or materials is entitled to the following remedies to the extent of the undisputed amount due for labor or services performed or materials supplied, and upon proof of each allegation in the complaint:
(a) An accounting of the use of any such payment from the person who received such payment.
(b) A temporary injunction against the person who received the payment, subject to the bond requirements specified in the Florida Rules of Civil Procedure.
(c) Prejudgment attachment against the person who received the payment, in accordance with each of the requirements of chapter 76.
(d) Such other legal or equitable remedies as may be appropriate in accordance with the requirements of the law. [e.s.]