DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**F. RONALD MASTRIANA, AS TRUSTEE OF THE JAMES AND BEATRICE SALAH CHARITABLE TRUST U/T/A 08/09/2001,**
Appellant,

v.

**BROWN BROTHERS HARRIMAN TRUST COMPANY, N.A.**,
Appellee.

No. 4D2024-0950

[May 14, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Kenneth L. Gillespie, Judge; L.T. Case No. PR-C-17-0005718.

Paul O. Lopez and Jennifer H. Wahba of Tripp Scott, P.A., Fort Lauderdale, and George J. Taylor of Brinkley Morgan, Fort Lauderdale, for appellant.

Robert W. Goldman of Goldman Felcoski & Stone, P.A., Naples, for appellee.

GROSS, J.

The successor to the settlor of a substantial charitable trust (the "Trust") appointed appellee Brown Brothers Harriman Trust Co. as trustee. Six years later, the successor removed Brown Brothers as trustee and appointed another. After Brown Brothers' removal, it transferred the assets to the new trustee but withheld $8.9 million—less than ten percent of the Trust's assets—as a reserve.

The Trust filed a complaint against Brown Brothers, alleging that it had unreasonably withheld the $8.9 million as reserves, and had imprudently invested these funds. After a non-jury trial, the circuit court found, in a fact-intensive judgment, that the $8.9 million was a reasonable reserve and that Brown Brothers had invested the money in good faith. Given that the trial court was in the best position to evaluate the credibility and weight to be given to witnesses and evidence, we hold that competent, substantial evidence supports the final judgment. We write only to address the Trust's assertion that the trial court erred in not setting the case for a jury trial.

The Trust's original two-count complaint sought declaratory relief that Brown Brothers had improperly withheld the $8.9 million, and surcharge damages for imprudent investment of the funds. The damages alleged were the loss of

appreciation in the Trust's portfolio. The Trust sought a judicial determination of a reasonable amount for Brown Brothers to have reserved, and demanded a jury trial on its surcharge claim. The trial court denied the Trust's demand for a jury trial. We conclude that the trust was not entitled to a jury trial on these issues.[1]

The Trust's claims involved a trustee's duties as set forth in Chapter 736, Florida Statutes (2016), the Florida Trust Code. The Code applies to "all trusts created before, on, or after" July 1, 2007, and "to all judicial proceedings concerning trusts" after that date. § 736.1303(1)(a)–(b), Fla. Stat. (2016).

A trustee who has been removed is required to "deliver the trust property within the trustee's possession" to a "successor trustee" within a reasonable time, "**subject to the right of the trustee to retain a reasonable reserve for the payment of debts, expenses, and taxes**." § 736.0707(2), Fla. Stat. (2016) (emphasis supplied). Until property is transferred to a successor trustee, a trustee who has been removed "has the duties of a trustee and the powers necessary to protect the trust property." § 736.0707(1), Fla. Stat. (2016). A trustee must exercise discretionary powers "in good faith and in accordance with the terms and purposes of the trust and the interests of the beneficiaries." § 736.0814(1), Fla. Stat. (2016).

A trustee's violation of a duty owed to a beneficiary is a breach of trust. § 736.1001(1), Fla. Stat. (2016). To remedy such a breach of trust, a "court" has a panoply of remedies available, including compelling a trustee to pay money, reducing or denying compensation to a trustee, or "any other appropriate relief." § 736.1001(2)(c), (h), (j), Fla. Stat. (2016).

A trustee who commits a breach of trust is liable for the greater of:

(a) The amount required to restore the value of the trust property and trust distributions to what they would have been if the breach had not occurred, including lost income, capital gain, or appreciation that would have resulted from proper administration; or

---

[1] The trial court denied the demand for a jury trial on procedural grounds, finding that the Trust waived the right because it had not included the demand in its original complaint, and its amended complaint did not revive the right to a jury trial as it did not inject a new issue into the case. The court also found that the Trust had not shown the untimely demand for a jury trial would not prejudice Brown Brothers or inconvenience the court. We do not consider these grounds, because we conclude that the Trust would not have been entitled to a jury trial on its surcharge claim whether the demand was timely or not. *See Dade Cnty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 644 (Fla. 1999) ("[I]f a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support the judgment in the record.").

(b) The profit the trustee made by reason of the breach.

§ 736.1002(1), Fla. Stat. (2016).

The Trust demanded a jury trial and Brown Brothers moved to strike the demand because, among other things, the Trust's claims sounded in equity and thus did not carry the right to a jury trial. Ultimately, the trial court granted Brown Brothers' motion to strike, thus denying the Trust's demand for a jury trial.

"Under Florida law, whether one is entitled to a jury trial depends upon whether the right was recognized at common law, at the time the Florida Constitution was adopted." *Baldwin Sod Farms, Inc. v. Corrigan*, 746 So. 2d 1198, 1204 (Fla. 4th DCA 1999) (citing *381651 Alberta, Ltd. v. 279298 Alberta, Ltd.*, 675 So. 2d 1385 (Fla. 4th DCA 1996)). "Article I, Section 22 of the Florida Constitution guarantees a jury trial as to those issues triable by a jury at common law, before the first state constitution became effective in 1845." *DiSorbo v. Am. Van Lines, Inc.*, 354 So. 3d 530, 534 (Fla. 4th DCA 2023). The right to a jury trial in Florida thus "turns on 'whether the party seeking a jury trial is trying to invoke rights and remedies of the sort traditionally enforceable in an action at law[,]'" as opposed to an action traditionally left to the equity side of the court. *Id.* at 542 (quoting *King Mountain Condo. Ass'n v. Gundlach*, 425 So. 2d 569, 571 (Fla. 4th DCA 1982)). In evaluating whether a right to jury trial exists, courts examine both the nature of the issues involved and the remedy sought. *See Gundlach*, 425 So. 2d at 571 (stating "whether the action will lie at law, in equity, or both depends on the nature of the breach and the remedy sought").

Similar to Article I, Section 22 of the Florida Constitution, the Seventh Amendment of the United States Constitution guarantees a jury trial in "[s]uits at common law." Analysis of whether the federal right to a jury trial attaches to a cause of action involves considerations akin to those that apply to Florida's constitutional right.[2] The United States Supreme Court has observed:

---

[2] In *Hawkins v. Rellim Investment Co.*, 110 So. 350 (Fla. 1926), our supreme court recognized the similarity in application of the federal Seventh Amendment to Florida's right to a jury trial:

> In construing section 3 of the Declaration of Rights and the Seventh Amendment to the federal Constitution, the courts hold that these provisions are designed to preserve and guarantee the right of trial by jury in proceedings, according to the course of the common law as known and practiced at the time of the adoption of the Constitution, and in neither case do they extend to or have any reference to equitable demands enforced in the courts of chancery. They cover a narrow field of litigation

To determine whether a particular action will resolve legal rights, we examine both the nature of the issues involved and the remedy sought. "First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature."

*Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1970) (quoting *Tull v. United States*, 481 U.S. 412, 417–18 (1987)).

In *Chauffeurs,* a Seventh Amendment case, the United States Supreme Court recognized that actions "by a trust beneficiary against a trustee for breach of fiduciary duty . . . were within the exclusive jurisdiction of courts of equity[,]" so no right of jury trial attached. *Id.* at 567. Similarly, in *Rosen v. Rosen,* 167 So. 2d 70, 72 (Fla. 3d DCA 1964), the Third District wrote:

> Courts of equity have original, general, and inherent jurisdiction over trusts and the administration thereof. All trusts, whether express or implied, are within the jurisdiction of the chancellor, even though the relief demanded is for the recovery of money. Proceedings involving trusts are ordinarily within the exclusive jurisdiction of equity.

(quoting 33 Fla. Jur. *Trusts* § 111); *see also Hoppe v. Hoppe,* 370 So. 2d 374, 376 (Fla. 4th DCA 1978) (recognizing that claims arising out of a trustee's breach of fiduciary duty were an action formally cognizable in equity).

The Trust sought a judicial determination that Brown Brothers' reserve was unreasonable, requesting remedies expressly covered in Chapter 736. We have found nothing in Chapter 736 which directs fact determinations to be submitted to a jury. This case falls under *Rosen*'s observation that even if a claim against a trustee involves the recovery of money, the claim is within the exclusive jurisdiction of equity, so the right to a jury trial does not attach.

This approach aligns with the Restatement (Second) of Trusts. Section 197 provides, "Except as stated in § 198, the remedies of the beneficiary against the trustee are exclusively equitable." Restatement (Second) of Trusts § 197. Those exceptions are:

---

affecting private rights and are not applicable to remedies unknown to the common law.

*Id.* at 351; *see also Gundlach*, 425 So. 2d at 570–71 (observing that "[s]ince the Seventh Amendment to the Federal Constitution also guarantees the right to trial by jury in legal actions, Florida courts looked to federal case law for guidance in developing a suitable test" to determine a litigant's right to a jury trial) (footnote omitted).

4

(1) If the trustee is under a duty to pay money immediately and unconditionally to the beneficiary, the beneficiary can maintain an action at law against the trustee to enforce payment.

(2) If the trustee of a chattel is under a duty to transfer it immediately and unconditionally to the beneficiary and in breach of trust fails to transfer it, the beneficiary can maintain an action at law against him.

Restatement (Second) of Trust § 198. Neither of these exceptions applies here.

The trial court found that the Trust's surcharge claim carried a right to a jury trial,[3] citing *In re Guardianship of Medley*, 587 So. 2d 619 (Fla. 2d DCA 1991). *Medley* did not involve a trustee's exercise of a fiduciary duty in the context of a trust, but rather a bank's duty toward customers maintaining a tenancy by the entireties bank account. *See In re Guardianship of Medley*, 573 So. 2d 892 (Fla. 2d DCA 1990). *Medley* relied upon *Beck v. Barnett National Bank of Jacksonville*, 117 So. 2d 45 (Fla. 1st DCA 1960), which concerned an action against a guardian after the guardianship had ended, not a trust. *Id.* at 49. Neither *Medley* nor *Beck* has any application to the trust-trustee relationship at issue in this case.

For these reasons, we hold that the trial court did not err in denying a jury trial in this case.

*Affirmed.*

KLINGENSMITH, C.J., and DAMOORGIAN, J., concur.

*    *    *

**Not final until disposition of timely filed motion for rehearing.**

---

[3] As noted above, the trial court also found that the right had been waived, which is an issue we do not reach.